**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------X     **Case No.:**

JANE DOE,

                         Plaintiff,

          - against -

NEW YORK STATE OFFICE OF MENTAL
HEALTH, NEW YORK STATE OFFICE OF
MENTAL HEALTH – ROCKLAND
PSYCHIATRIC CENTER, and JAMAAL M. NASH,

                       Defendants.

------------------------------------------------------------------------X


## MEMORANDUM OF LAW IN SUPPORT OF
## <u>PLAINTIFF'S MOTION TO REQUEST LEAVE TO PROCEED ANONYMOUSLY</u>


 

**PHILLIPS & ASSOCIATES,**
**Attorneys at Law, PLLC**
*/s/ Ian N. Piasecki*
Ian N. Piasecki, Esq.
*Attorneys for Plaintiff*
45 Broadway, 28th Floor
New York, New York 10006
T: (212) 248-7431
F: (212) 901–2107
ipiasecki@tpglaws.com

## TABLE OF CONTENTS

PRELIMINARY STATEMENT……………………………………..…………………………..1

LEGAL ARGUGMENT……………………………………..…………………………………2

    I. FIRST FACTOR – MATTERS OF A HIGHLY SENSTIIVE AND PERSONAL

    NATURE…………………………………………………………………………………….3

    II. SECOND FACTOR – RISK OF RETALIATORY AND PHYSICAL HARM...…………4

    III. SIXTH FACTOR – LACK OF PREJUDICE TO DEFENDANTS……..…………….…..5

    IV. SEVENTH FACTOR – CONFIDENTIALITY……………………….……………5

    V. NINTH FACTOR – STRONG PUBLIC INTEREST IN ANONYMITY….…………..5

VI. CONCLUSION……………………………………………………….…………….6

## TABLE OF AUTHORITIES

*Anonymous v. Graham Sch. Found., Inc.,* 2020 N.Y. Misc. LEXIS 6160 (Sup. Ct. Queens County Sept. 15, 2020)…………………………………………………………………...……………4

*B-7 Doe v. Amherst Cent. Sch. Dist.,* 2019 N.Y. Misc. LEXIS 22802 (Sup. Ct. Erie County Dec. 23, 2019)……………………….………………………………………………..………….4

*Coker v. Georgia,* 433 U.S. 584 (1977)………………………...………………………….3

*Doe v. Black,* 2023 U.S. Dist. LEXIS 147645 (S.D.N.Y. Aug. 18, 2023)………………...…….3

*Doe v. Cruz*, 2024 U.S. Dist. LEXIS 62387 (S.D.N.Y. Apr. 4, 2024)……………....…….3, 4 and 6

*Doe v. Gooding,* 2022 U.S. Dist. LEXIS 68607 (S.D.N.Y. Apr. 13, 2022)……………………….3

*Doe v. Kimmel,* 2024 U.S. Dist. LEXIS 115009 (S.D.N.Y. June 26, 2024)……………………6

*Doe No. 2 v. Kolko,* 242 F.R.D. 193 (E.D.N.Y. 2006)…………………………...………….4 and 5

*Doe v. Morris,* 2021 N.Y. Misc. LEXIS 2455 (Sup. Ct. N.Y. County Apr. 22, 2021)…..……3 and 4

*Doe v. St. Vincent's Servs.,* 2021 U.S. Dist. LEXIS 256918 (E.D.N.Y. Sept. 27, 2021)……...……5

*Doe v. Townes,* 2020 U.S. Dist. LEXIS 83550 (S.D.N.Y. May 12, 2020)………………….….5

*Doe v. Vassar Coll.,* 2019 U.S. Dist. LEXIS 196933 (S.D.N.Y. Nov. 13, 2019)…...……………..4

*Doe v. Zeumer*, 2024 U.S. Dist. LEXIS 39193 (S.D.N.Y. Mar. 6, 2024)………………………….3

*People McDaniel*, 81 NY2d 10 (1993)………………………………………………..…..4

*Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185 (2d Cir. 2008)………………………2

**Statutes**

CPLR § 213-c…………………………………………………………………..………2

CPLR § 50-b…………………………………………………………………………5

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------------X    Case No.:

JANE DOE,

                                Plaintiff,                          **PLAINTIFF'S**
                                                              **MEMORANDUM OF**
           - against -                                **LAW IN SUPPORT OF HER**
                                                              **MOTION TO REQUEST**

NEW YORK STATE OFFICE OF MENTAL           **LEAVE TO PROCEED**
HEALTH, NEW YORK STATE OFFICE OF           **PSEUDONYMOUSLY**
MENTAL HEALTH – ROCKLAND
PSYCHIATRIC CENTER, and JAMAAL M. NASH,

                              Defendants.

-----------------------------------------------------------------------X

## PRELIMINARY STATEMENT

This lawsuit arises from Defendant Jamaal Nash's ("Defendant Nash") alleged drugging, sexual assault and rape of Plaintiff at her workplace. Plaintiff, a Mental Health Therapy Aide employed by the New York State Office of Mental Health and its Rockland Psychiatric Center (the "Entity Defendants"), alleges that on or about July 10, 2024, Defendant Nash, a coworker on the same overnight shift, allegedly drugged Plaintiff by surreptitiously giving her a cannabis-infused edible and, while she remained incapacitated, he carried her to a flat surface in the staff office and allegedly subjected her to non-consensual sexual acts. Following the assault, Plaintiff reported the incident to her supervisors and to the City of Poughkeepsie Police Department, and subsequently suffered severe emotional, psychological, and financial harm. In retaliation for her report, the Entity Defendants transferred Plaintiff, without her knowledge, to a facility where Defendant Nash's brother was employed, and then compelled Plaintiff to attend a surprise confrontational meeting with Nash's brother in the workplace. Plaintiff brings this action pursuant to Title VII of

1

the Civil Rights Act of 1964 against the Entity Defendants, along with New York common law assault and battery, and CPLR § 213-c claims against Defendant Nash.

Because of the egregious sexual misconduct she allegedly suffered and the ongoing danger she faces, Plaintiff seeks to file this lawsuit under a pseudonym, as a public record would cause Plaintiff severe psychological harm and expose her to serious risk of physical harm. Nash, who knew exactly where Plaintiff lived as his uncle resided in Plaintiff's apartment complex, and who was only arrested as recently as March 7, 2025, posted bail, and is awaiting prosecution of his criminal matter. Plaintiff has already been forced to flee her home and she relocated multiple times to temporary safe houses. Requiring public disclosure of Plaintiff's identity under these circumstances would only compound her trauma, place her in further physical danger, and serve no legitimate countervailing interest. Defendants will suffer no prejudice if Plaintiff is permitted to litigate this matter anonymously, as Defendants are already fully aware of her identity. Furthermore, compelling disclosure would chill Plaintiff's participation in this suit, potentially have an effect upon parallel criminal prosecution of the perpetrator, and deter future victims of workplace sexual misconduct from vindicating their legal rights. For these reasons, it is imperative that Plaintiff be permitted to litigate this action utilizing a pseudonym.

## LEGAL ARGUMENT

Under Rule 10(a) of the Federal Rules of Civil Procedure, "the title of a complaint must name all the parties," however, courts have created exceptions that allow plaintiffs to proceed anonymously. *Sealed Plaintiff v. Sealed Defendant #1,* 537 F.3d 185, 189 (2d Cir. 2008).

In deciding whether to allow a plaintiff to proceed anonymously, courts consider the following factors:

(1) whether the litigation involves matters that are highly sensitive and [of a] personal nature;

(2) whether identification poses a risk of retaliatory physical or mental harm to the party [seeking to proceed anonymously] or even more critically, to innocent non-parties;
(3) whether identification presents other harms and the likely severity of those harms;
(4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure;
(5) whether the suit is challenging the actions of the government or that of private parties;
(6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court;
(7) whether the plaintiff's identity has thus far been kept confidential;
(8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity;
(9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and
(10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff."

*Sealed*, 537 F.3d at 190 (2d Cir. 2008)(internal citations omitted).

"Courts are not required to list each of the factors or use any particular formulation as long as it is clear that the court balanced the interests at stake in reaching its conclusion." *Id.* at n.4. As described herein, these factors demonstrate a strong interest in granting Plaintiff the ability to proceed anonymously.

I.    **FIRST FACTOR – MATTERS OF A HIGHLY SENSTIIVE AND PERSONAL NATURE**

As to the first factor, Plaintiff's claims concern allegations of sexual assault and rape, and thus, are highly sensitive and of a personal nature. Indeed, the Supreme Court has acknowledged that "Short of homicide, [rape] is the ultimate violation of self." *Coker v. Georgia,* 433 U.S. 584, 597 (1977). Therefore, courts regularly allow victims of sexual assault to proceed anonymously. *See Doe v. Cruz*, 2024 U.S. Dist. LEXIS 62387, at *2 (S.D.N.Y. Apr. 4, 2024) (allowing the plaintiff to proceed anonymously in a sexual assault matter); *Doe v. Zeumer*, 2024 U.S. Dist. LEXIS 39193, at *4 (S.D.N.Y. Mar. 6, 2024);  *Doe v. Black*, 2023 U.S. Dist. LEXIS 147645 (S.D.N.Y. Aug. 18, 2023); *Doe v. Gooding*, 2022 U.S. Dist. LEXIS 68607, at *19 (S.D.N.Y. Apr. 13, 2022); *Doe v. Morris*, 2021 N.Y. Misc. LEXIS 2455, at *5 (Sup. Ct. N.Y. County Apr. 22,

3

2021); *Anonymous v. Graham Sch. Found., Inc.*, 2020 N.Y. Misc. LEXIS 6160, at *7-8 (Sup. Ct. Queens County Sept. 15, 2020); *Doe v. Vassar Coll.,* 2019 U.S. Dist. LEXIS 196933, at *5 (S.D.N.Y. Nov. 13, 2019); *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195 (E.D.N.Y. 2006) ("[S]exual assault victims are a paradigmatic example of those entitled to a grant of anonymity."). Thus, the first factor weighs heavily in granting Plaintiff's application.

II.    **SECOND FACTOR – RISK OF RETALIATORY AND PHYSICAL HARM**

The second factor is also satisfied in favor of granting anonymity, as Plaintiff's identification poses a risk of both physical and mental harm. Specifically, Defendant Nash, stands accused of a sex crime against Plaintiff and was released on bail. As Defendant Nash knew where Plaintiff lived, she needed to go into hiding to ensure that her whereabouts could not be uncovered. To-date, Plaintiff has been unable to resume her life in any meaningful way due to the incident. There is a serious risk of further physical and/or emotional harm that warrants additional protections be taken in Plaintiff's favor.

Indeed, if forced to litigate this matter publicly, Plaintiff will also suffer further mental anguish and trauma. *Gooding*, 2022 U.S. Dist. LEXIS 68607, at *12 (S.D.N.Y. Apr. 13, 2022) (granting plaintiff's request to proceed anonymously where she "recounted embarrassment, depression, and suicidal thoughts"); *Morris*, 2021 N.Y. Misc. LEXIS 2455, at *5 (Sup. Ct. N.Y. County Apr. 22, 2021) (granting plaintiff's request to proceed anonymously where "the revelation of plaintiff's name would be tantamount to a re-victimization"); *accord B-7 Doe v. Amherst Cent. Sch. Dist.*, 2019 N.Y. Misc. LEXIS 22802 (Sup. Ct. Erie County Dec. 23, 2019). Moreover, maintaining Plaintiff's anonymity would "encourage such victims to cooperate in the prosecution of sexual offenses. *Morris*, 2021 N.Y. Misc. LEXIS 2455, at *5 (citing *People McDaniel*, 81 NY2d 10 (1993), in support of the opinion that "Courts have afforded victims of sexual offenses

4

protections under CPLR §50-b where there has either been an arrest and prosecution, or there is an investigation."). As Plaintiff also experiences a risk of retaliation, this further supports granting her the ability to proceed anonymously.  *Doe v. Townes*, 2020 U.S. Dist. LEXIS 83550, at \*10 (S.D.N.Y. May 12, 2020).

Given the ongoing criminal prosecution and investigation of Defendant Nash, Plaintiff remaining anonymous in her civil action against Defendants is important to ensure the continued safety of the victim and future cooperation of a criminal investigation.

### III.    SIXTH FACTOR – LACK OF PREJUDICE TO DEFENDANTS

If the Court allows Plaintiff to litigate anonymously, Defendant would not be prejudiced "as Defendants are already aware of Plaintiff's identity and will have an uninhibited opportunity to litigate this matter regardless of whether Plaintiff's identity is publicly disclosed." *Doe v. St. Vincent's Servs.*, 2021 U.S. Dist. LEXIS 256918, at \*7 (E.D.N.Y. Sept. 27, 2021). "Other than the need to make redactions and take measures not to disclose plaintiff's identity, defendants will not be hampered or inconvenienced merely by plaintiff's anonymity in court papers." *Kolko*, 242 F.R.D. at 198 (E.D.N.Y. 2006). Thus, this factor weighs in favor of granting Plaintiff's application.

### IV.    SEVENTH FACTOR - CONFIDENTIALITY

Lastly, Plaintiff has taken steps to keep her identity confidential and has not spoken publicly about the incidents that underly the cause of action, thus, the seventh factor weighs in favor of a grant of Plaintiff's application.

### V.    NINTH FACTOR – STRONG PUBLIC INTEREST IN ANONYMITY

"[W]hile the public has a generalized interest in knowing who is seeking relief in its courts, the public has a stronger — and more particularized — interest in protecting the identities of alleged victims of sexual assault to encourage victims to come forward and report such crimes."

5

*Doe v. Kimmel*, 2024 U.S. Dist. LEXIS 115009, at *2-3 (S.D.N.Y. June 26, 2024). "[M]andating disclosure in these circumstances would be counter to the public interest, as it would chill potential action by others who face discrimination based on their highly stigmatized characteristics from seeking judicial relief." *Doe v. Cruz*, 2024 U.S. Dist. LEXIS 62387, at *4 (S.D.N.Y. Apr. 4, 2024). Here, the public has a strong interest in protecting Plaintiff's identity to encourage victims of sexual assault to vindicate their legal rights.

VI.     **CONCLUSION**

For the reasons stated herein, Plaintiff respectfully requests that this Court grant Plaintiff's Motion Requesting Leave To Proceed Pseudonymously in its entirety, and all other relief this Court deems just and proper.

Respectfully Submitted,

**PHILLIPS & ASSOCIATES,**
**Attorneys at Law, PLLC**

By:

*/s/ Ian N. Piasecki*
Ian N. Piasecki, Esq.
*Attorneys for Plaintiff*
45 Broadway, 28th Floor
New York, New York 10006
T: (212) 248-7431
F: (212) 901 - 2107
ipiasecki@tpglaws.com

6

## **WORD COUNT CERTIFICATION**

  I hereby certify pursuant to Local Civil Rule 7.1(c) of the Local Rules for the United States District Courts for the Southern and Eastern Districts of New York that Plaintiff's Memorandum of Law In Support of Her Motion to Request Leave to Proceed Anonymously contains 1,593 words, excluding the parts of the documents that are exempted by Rule 7.1(c). This certificate was prepared in reliance on the word-count function of the word-processing system (Microsoft Word) used to prepare the document.

  I declare under penalty of perjury that the foregoing is true and correct.

  DATED this 22nd day of April 2026.

         */s/ Ian N. Piasecki*
         Ian N. Piasecki, Esq.
         *Attorneys for Plaintiff*
         45 Broadway, 28th Floor
         New York, New York 10006
         T: (212) 248-7431
         F: (212) 901 - 2107
         ipiasecki@tpglaws.com